Ranney, J.,
dissenting. I find myself unable to concur with 4ho majority of the court in the opinion pronounced in this case. The whole controversy resolves itself into a single point. Reynolds sued Stansbuxy and recovered a judgment against him for the same cause of action upon which this suit is now prosecuted. Sloo v. Lea, 18 Ohio, 307, has settled that this judgment was a good bar to this action. To avoid the effect of this bar, which was interposed by the defendant, Burch, the plaintiff offered to show that this judgment, about two years after its rendition, had been set aside, upon his motion, by the superior court, where it was recovered; and that there was, consequently, no subsisting judgment. The i’ecoi’d offered to px’ove this was rejected, because it did not appear that Stansbury had any notice of the motion, or for what cause the judgment was vacated. No written motion was filed, nor is any irregularity in entering the judgment alluded to in the order vacating it, or pretended to have existed in point of fact.
Did the ox*der nullify, the judgment? If so, the court *below erred. If the order was a nullity, the judgment was in force and a good b.ar to this action, and the court did not err in *301 rejecting the evidence. I do not deny the power of the courts of this state to set aside judgments rendered by them, for manifest irregularity in entering them, at a term subsequent to the rendition.. Although the power has been, denied in other states, I think it is well settled by our decisions, and upon good reason. A jdaintiff may, perhaps, for such cause, set aside his own judgment, and fox' causes dehors the record.
I yield the power to the fullest extent claimed, but I insist that it shall be exercised without violating the first principles of natural justice and positive law; in other words, that it shall be done for cause, and after the parties have had an opportunity to be heard; and not arbitx*arily and behind the back of one of them.
I lay down the following propositions as indisputably correct:
1. As soon as the judgment .was rendex’ed, the parties were out of court. There was no longer any cause pending or any parties befox’o it, or within its control.
2. Each of the parties had an intex*est in the x’ecox’d that evidenced the termination of the litigation, and a right to insist that it should remain unaltered and unimpaired, except by some' other jxxdicial action of that or some other court, in pursuance of law.
3. A motion to set aside a judgment invokes judicial action, and if made after the term of its rendition, is the commencement of a judicial proceeding, having for its object the nullification of the-record in which the advex’so party is so interested.
4. To wax'rant such judicial action, the court must have jurisdiction of the cause, and the parties. If either is wanting, any order they may make is coram non judice, and void to all intents and purposes.
I shall take no time in insisting that some irregularity must be pointed out upon the x’ecord, before the court can act. It might perhaps be successfully replied, that having jurisdiction over the judgment, and a right to set it aside in a proper *case, the jurisdiction would still remain, although the power should bo exercised improperly. But the court had no jurisdiction over the party defendant in this case. He could only be brought before it by a notice, and it is not ¡pretended that any was given. If it is said that there is no statute requiring such notice, I answer that no statute authorizes judgments to be set aside upon any terms. To get such a power, you must go to the common law, and by that *302 •same common law, I can demonstrate that you can not exercise any judicial power until the parties are before the court, and an opportunity given them to be heard. Amongst the multitude of authorities to this point, I shall cite but three or four.
In the case of Borden v. Fitch, 15 Johns. 141, Thompson, C. J., •says: “ To give any binding effect to a judgment, it is essential that the court should have jurisdiction of the person and of the subject matter; and the want of jurisdiction is a matter that may always be set up against a judgment, when sought to be enforced, or whei’e any benefit is claimed under it. The want of jurisdiction makes it utterly void and unavailable for any purpose.” And he states this doctrine to be founded upon “general principles,” and tl that to bind a defendant personally, by a judgment, when he was never personally summoned, nor had notice of the proceedings, would be contrary to the first principles of justice.”
In the case of Kinderhook v Claw, 15 Johns. 538, it was held that “ whenever magistrates proceed judicially, both the parties to the proceedings are entitled to be heard, and notice to both is indispensably requisite, notwithstanding there is no direction in the act by which the tribunal is constituted, that notice shall be given ;” and Yanness, J., says : “ This principle has been so long and so frequently settled, that it is unnecessary to cite cases in support of if.” See also Buchanan v. Rucker, 9 East, 192; Bissell v. Briggs, 9 Mass. 464. The case of the Miami Exporting Company v. Brown, 6 Ohio, 535, was a scire facias to revive a judgment. It appeared that the judgment had been rendered upon notice according to a provision ^of the charter, but the notice was not signed, nor did- it appear to have been served. Lane, J., says : “Both these facts must appear in the record, as the foundation of the jurisdiction. If they do not thus appear, the judgment is coram nonjudice.”
This question was fully considered by this court in the case of Adams v. Jeffries, 12 Ohio, 253. It was there held that “ an administrator’s sale, made under an order of court since 1824. without showing that the heirs wore parties to the proceeding, is void.” says: “The heir has a right to be a party to the proceedings which deprive him of his estate; and we are constrained to deny the jurisdiction of a court which attempts to proceed without him.” 'The judge further says: “All the cases assume that the jurisdiction' of the court is first established; and no *303 attempts are made to sustain these proceeding by intendment or presumption, until after this essential prerequisite. Those judges who have been most ingenuous in surmounting the irregularities of such tribunals, have been careful to show how the jurisdiction, was not contested. This want of jurisdiction may always be shown, as it renders the act done void or unavailable for every purpose.”
*302 Lane, C. J.,
*303 It is of no importance that the court have jurisdiction over the subject matter, unless they have also acquired jurisdiction over the person of the party, by a proper notice. The distinction upon this subject is thus clearly stated by the Supreme Court of Vermont, in the case of Corliss v. Corliss, 8 Vt. 389. They say: “Nor is the difficulty removed, by simply insisting on the jurisdiction of the probate court over the subject matter, and the consequent conclusiveness of its final decree. For this view of the subject is counteracted by the consideration, that to conclude the rights of a person by any proceeding of a judicial nature, to which he was not a party, and against which he could not defend, is repugnant to the first principles of justice. Notice is so essentially necessary, that without it such proceedings are uniformly held to be void, ^except in cases where the statute has provided specific means of relief. So far has this principle been carried, that such proceedings have frequently been adjudged void for want of notice, even where none was expressly directed by statute.”
In the light of these authorities, it seems to me the conclusion is irresistible, that before any court can affect the interests of a party to a judgment, he must be notified, and thus brought beforo them. Without such notice, the court couldnot render a judgment against him for one cent, that would not be utterly void. Can we, on the other hand, hold that he may be deprived of an interest of hundreds of dollars, in a judgment rendered in his favor behind his back.
This power to set aside judgments wouldi ndeed be most formidable and dangerous, if it can be exercised in this manner. It may be done for causes dehors the record, and of course upon proof. But the other party has no opportunity to ci’oss-examine the witness, to introduce rebutting testimony, or to except to the opinion of the court. He is bound hand and foot, and obliged to suhmit to such case as his adversary chooses to make, however false and fraudulent it may be. If it can be done for the plaintiff, *304 it can for the defendant, by a stronger showing of both reason and authority, and that without limit as to time. Liens, levies, and titles to real property resting upon judgments, may be swept away, while those interested in them are unconscious of the pro. cess by which it is done.
The first mistake of the counsel for the plaintiff in error , is found in the assertion that, “for the purposes of jurisdiction, all jmrties properly in court at the commencement of the case, remain so until satisfaction of the judgment is had and entered of record.” No authority is cited in support of this position, and I venture to say none can be found. Certainly the parties can not be in court longer than the cause is, and that there is no lis pendens after the judgment, is a position too clear to require a reference to the authorities that support it.
Proceeding from this erroneous assumption, it is next contended *tbat the superior court is a court of general jurisdiction, and that it must be presumed that every step necessary to be taken-for the legal and proper exercise of the power, was duly taken before the power was exercised.
This argument is all built upon the erroneous assumption before stated—that the parties are already in court—when in fact there was no cause, and consequently no parties, in the superior court, and had not been for more than two years before they made the order in question. The true question is, can the jurisdiction. of the court over the parties be presumed, or must it be made to appear ? This question 'is answered in the cases cited from 6 and 12 Ohio. In the first, it is said the notice “ must appear in the record as the foundation of the jurisdiction ;” and in the last it is said that “ all the cases assume that the jurisdiction of the court is, first established, and no attempts are made to sustain their proceedings by intendment or presumption, until after this essential prerequisite.” I am aware that the record of a court of general jurisdiction^ need not show the specific cause of action upon which the judgment is rendered. And why ? Because their jurisdiction being general, they have a right to render judgments in all cases. But the reason ceasing, the law ceases. No court has jurisdiction over any person until he is properly notified and brought before them; and hence their jurisdiction over him must be made to appear in all cases, before they can tako one step to affect his rights and interests ; and this as well in courts of general, as of limited- *305 jurisdiction. If this were not so, an objection to the jurisdiction over the person could never be taken. For being assumed in the first instance, the negative, that he had no notice, could rarely, if ever, be proved. Does any one suppose that an action could be maintained upon the record of a judgment of the superior court, that did not show that the party had been served with process? I presume not. The report of the case of Weyer v. Zane, 3 Ohio, 306, which seemed to hold the contrary, is explained, and expressly repudiated by Judge Lane, in the case of Adams v. Jeffries, *before cited. It seems that judgment was rendered upon a judgment bond, given to the sheriff by a defendant in execution, whose goods were levied upon, the law expressly providing that when amerced for not making the money, he might have judgment on the bond at the same term, without further process. In respect to the report, the judge says: “ The proceeding in that case was under this statute; and the reporter, without adverting to these provisions, has sought to justify a sound judgment by stretching good principles too far.” If, then, jurisdiction over the person would not be presumed when a judgment is sought to be enforced, can it be presumed in favor of proceedings by which one is vacated? I can not realize that either reason or law .makes such a distinction. I am therefore clearly of opinion, with the commercial court, that the proceedings of.the superior court upon the motion of the plaintiff to vacate the judgment, were entirely unauthorized and void, and of consequence had no effect whatever upon that judgment.
This opinion, of course, has no relation to proceedings in rem, where jurisdiction is obtained by the seizure of property; nor do I undertake to say that the notice must, in all cases, appear in the record. I say only it must be shown, before any effect can be given to the proceedings.